SWEENY
*vs*
LOWE.

*Cates, Attorney General,* for Commonwealth.

---

CHANCERY.

*Case 65.*

*April 8.*

## Sweeny *vs* Lowe.

ERROR TO THE WASHINGTON CIRCUIT.

*Justices of the Peace.    Jurisdiction.*

JUDGE MARSHALL delivered the opinion of the Court.

Justices of the Peace have jurisdiction to render judgments in cases within their jurisdiction, though the interest added may exceed $50. —And under the statutes of 1838, 1839, and 1840, to enforce by equitable process, especially that of attachment, the collection of those debts over which they have jurisdiction at law.

THE Justice of the Peace had jurisdiction to render the judgment against Chilton Lowe for $49 50, with interest and costs; and although the aggregate amount of debt, interest, and costs exceeded $50, we are of opinion that the acts of 1838, 1839, and 1840, regulating the equitable jurisdiction of Justices of the Peace, (3 *Stat. Law*, 375–6–7–8,) when construed together as they should be, evince the intention of the Legislature to authorize Justices of the Peace to enforce, by equitable process, and especially by process of attachment or garnishment, those debts over which they have jurisdiction at law. The execution on the judgment against Chilton Lowe having been returned "no property," the Justice had authority to issue the warrant against Samuel Lowe as the debtor of Chilton Lowe, and to render the judgment against Samuel Lowe by default.

This bill, filed by Samuel Lowe, seeks to injoin the judgment thus rendered against him, on the ground that Chilton Lowe did not owe Sweeney, and that he himself owed nothing to Chilton Lowe, and he alledges various causes for not having attended to the case before the Justice in the first instance, and for not having moved for a new trial or taken an appeal, &c.

Can the Circuit Court entertain

But waiving all question as to his right to come into the Circuit Court by original bill in equity, in a case commencing under the equitable jurisdiction of a Justice

of the Peace, and also all enquiry as to the sufficiency of the causes alledged in excuse of his failure to pursue the usual steps for the assertion of his rights, we are of opinion that he has failed to establish the main grounds on which he claims the aid of the Chancellor. He has not shown that either of the judgments is unjust, but our deduction from the entire evidence is, that both of them are just.

Wherefore, the decree perpetuating the injunction is reversed, and the cause is remanded with directions to dismiss the bill.

*Harlan & Craddock and Shuck* for plaintiff.